THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH BARDELL,<br>     Plaintiff,<br><br>v.<br><br>MOMENTUM SOLAR LLC,<br>     Defendant. | §<br>§<br>§<br>§  Civil Action No.<br>§<br>§<br>§<br>§  JURY DEMANDED<br>§ |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**JOSEPH BARDELL**, Plaintiff in the above numbered and styled cause, files his Complaint, complaining of **MOMENTUM SOLAR LLC,** Defendant herein, and in support thereof shows this Court as follows: This is a suit in law and in equity, authorized and instituted pursuant to Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981") and Section 451.001 of the Texas Labor Code.

The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, including termination, based on race (Black/African American) and from retaliation for opposing such unlawful race discrimination. This Court's Supplemental Jurisdiction, pursuant to 28 U.S.C. § 1367, is invoked as to Mr. Bardell's claim of workers' compensation retaliation under Section 451.001 of the Texas Labor Code.

1

**Venue**

1. Venue is proper in the U.S. District Court for the Western District of Texas. Venue is provided for in any district in which the private employer of the person maintains a place of business pursuant to 28 U.S.C. § 1391(b). A substantial part, if not all, of the cause of action accrued or arose in the Western District of Texas. Defendant maintains sufficient business contacts within a county in the San Antonio Division. The Plaintiff resided within the San Antonio Division during the pertinent time period in question.

**Parties**

2. Joseph Bardell ("Mr. Bardell", Black/African American) is a United States citizen and was residing in Texas during the relevant time period of Mr. Bardell's claims. At all times material hereto, Mr. Bardell was an employee of Defendant, as understood and defined by Section 1981 and Section 451.001 of the Texas Labor Code.

3. Momentum Solar LLC is a Delaware corporation ("Defendant"). It may be served with this lawsuit by serving its registered agent for service of process, Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, TX 75201. At all times material hereto, Defendant was Mr. Bardell's employer, as understood and defined by Section 1981 and Section 451.001 of the Texas Labor Code.

## Facts[1]

4. Mr. Bardell began his employment with Defendant Momentum Solar as an Sales Representative on or about February 18, 2020. Mr. Bardell was told that he could not be hired unless he cut his natural growing hair. Defendant told Mr. Bardell that his hair type was unprofessional and that their White clients would not be happy about him being in their home.

5. For the next six (6) months Mr. Bardell was employed as a sales representative; Mr. Bardell was not treated the same as the other sales representatives who were given appointment opportunities, but instead had to get his own appointments by knocking on doors in "no soliciting" neighborhoods in very hot weather. No other sales representatives in the USA had to do this, and most sales representatives received at least 2-3 company provided appointments per day. This was extremely hard on Mr. Bardell because if he did not go out and knock-on doors to close deals he would not be compensated. It should be noted that most of the sales representatives for Momentum were White/Caucasian.

6. On or about July 28, 2020, Mr. Bardell was scheduled to have the day off, but his manager instructed him to work. Unfortunately for Mr. Bardell, he was in a car accident on his way home and was injured. Soon after Mr. Bardell was injured in the car accident he applied for workers' compensation benefits.

7. On or about August 6, 2020, through a series of text messages, Mr. Bardell informed his manager, Erik Davidson (White/Caucasian), that he felt discriminated against by Mr. Davidson and others based on his race.

---

1  These facts are by no means exhaustive.

8. On or about August 7, 2020, HR reached out to Mr. Bardell regarding his complaints of race discrimination. However, they did not seem to care about Mr. Bardell's experiences and brushed them off. Mr. Bardell informed HR that his injuries from the car wreck, were too serious for him to be working and needed to heal.

9. On or around September 01, 2020, Mr. Bardell received a letter in the mail from Defendant terminating Mr. Bardell's employment.

10. In or about December 2021, Mr. Bardell reapplied to work for Momentum because they still owed him around $30,000 in commissions that Defendant never paid him. Mr. Bardell was hoping now that he was in better health, he could continue where he had left off prior to his accident, and possibly be paid on the commissions he was due. Mr. Bardell was rehired after a couple of interviews and was told that he would have to go through the two (2) week training again.

11. On Mr. Bardell's last day of training on December 21, 2021, a guy named Terrell told him that he could not be rehired and that they had made a huge mistake in rehiring him. Terrell told Mr. Bardell that he had "filed a complaint" and that was the reason they wouldn't be able to rehire him. However, Mr. Bardell was the top performing sales representative for Momentum in San Antonio when he left in 2020, and he expressed this to Terrell, but then Terrell just stopped talking to him after that and would not return his calls or text until Mr. Bardell asked him about paid training compensation. A few weeks later, Momentum issued Mr. Bardell a check via mail for his two (2) weeks of training; there was no further communication.

4

12. Defendant also intentionally affords White/Caucasian Sales Representatives with opportunities that foster their career growth but do not afford the same opportunities to African Americans like Mr. Bardell.

13. Defendant's action of terminating Mr. Bardell, not paying Bardell his commissions, and not affording him the same opportunities for growth within Momentum Solar are because of his Race and Defendant's actions are willful.

14. Defendant's action of terminating Mr. Bardell, not paying Bardell his commissions, and not affording him the same opportunities for growth within Momentum Solar are also in retaliation for Mr. Bardell filing a workers' compensation claim in good faith.

## CAUSES OF ACTION

15. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

### Race Discrimination and Retaliation under Section 1981

16. Defendant intentionally discriminated against Plaintiff based on his race (Black/African American) in violation of Section 1981 and terminated Plaintiff due to his race.

17. Defendant retaliated against Plaintiff because Plaintiff opposed Defendant's unlawful race discrimination through his internal complaints of race discrimination.

18. As a result of Defendant's actions in violating provisions of Section 1981 as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits including commissions, and other compensation, due in the past and

which will be suffered and due in the future.

**Retaliation under Section 451.001 of the Texas Labor Code**

19. Defendant retaliated against Plaintiff because he filed a workers' compensation claim in good faith.

20. As a result of Defendant's actions in violating provisions of Section 451.001 of the Texas Labor Code as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits including commissions, and other compensation, due in the past and which will be suffered and due in the future.

## DAMAGES

21. Plaintiff seeks actual damages, including but not limited to lost wages and benefits.

22. As a result of Defendant's intentional, discriminatory, retaliatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to his professional reputation, all to his detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

23. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

24. The effect, purpose and intent of the policies and practices pursued by Defendant

has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race and otherwise adversely affect their status as employees because of same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of his race, or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law and State Law.

ii. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of his rights protected by Section 1981 and Section 451.001 of the Texas Labor Code.

iii. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

iv. Order the Defendant to pay Plaintiff compensatory damages.

v. Order the Defendant to pay Plaintiff punitive damages.

vi. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

vii. Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

Respectfully submitted,

/s/ *Hessam Parzivand*
**Hessam Parzivand**
Co-Counsel
TBA #24071157
**The Parzivand Law Firm, PLLC**
10701 Corporate Dr., Suite 185
Stafford, Texas 77477
T: [713] 533-8171
F: [713] 533-8193

/S/ *Ashok Bail*
**Ashok Bail***
Attorney in Charge
**The Bail Law Firm, PLLC**
STATE BAR #24043541
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(832) 216-6693 (Tel)
(832) 263-0616 (Fax)
ashok@baillawfirm.com

*\*Pro Hoc Vice* application forthcoming

ATTORNEYS FOR PLAINTIFF